UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL GARCIA,<br><br>            Plaintiff,<br><br>     v.<br><br>POWELL, et al.,<br><br>            Defendants. | Case No. 1:19-cv-01631-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>21-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Uriel Garcia alleges the defendants denied him adequate medical care in violation of the Eighth Amendment. (Doc. 11.) The Court finds that Plaintiff's second amended complaint fails to state a claim on which relief can be granted. Given that Plaintiff has received two opportunities to amend (Docs. 7, 10), the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). The Court therefore recommends that this action be dismissed for failure to state a claim.

**I.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

**B. Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III. PLAINTIFF'S FACTUAL ALLEGATIONS[1]

Plaintiff alleges that he injured his finger during the first week of January 2019. (Doc. 11 at 3.) Though he showed his finger to Nurse Powell on multiple occasions, she only provided him bandages to wrap it and told him he would be fine. (*Id.*) On January 22, 2019, Plaintiff saw Dr. Kokor, who issued an "urgent medical treatment order." (*Id.*) Thereafter, Plaintiff saw Nurse Hurtado via telemedicine videoconference, who diagnosed Plaintiff with a fractured finger. (*Id.* at 4.) Plaintiff states that he was not scheduled for surgery at that time and instead "sent back to his cell to suffer." (*Id.* at 4-5.) Plaintiff saw Nurse Hurtado again on February 20, 2019. (*Id.* at 5.) At that time, either Nurse Hurtado or Chief Medical Executive Godwin scheduled Plaintiff for corrective surgery on February 27, 2019. (*See id.* at 3-4, 5.) Plaintiff alleges these defendants violated state regulations by not scheduling the surgery within three days of Dr. Kokor's order on January 22. (*Id.* at 3, 5.)

Dr. Swafford performed corrective surgery on Plaintiff's finger on February 27, 2019. (*Id.* at 6.) Plaintiff states that the surgery caused him "nerve damage from [his] hand up to his neck" and left his finger "crooked." (*Id.*) Plaintiff alleges Dr. Swafford damaged both the previously injured finger as well as the "small finger next to it." (*Id.* at 6-7.) Nevertheless, Plaintiff continues to be returned to the "malpracticing surgeon." (*Id.* at 8.)

---

[1] For screening purposes, the Court accepts Plaintiff's factual allegations as true. *See Iqbal*, 556 U.S. at 678.

3

## IV. DISCUSSION

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by … doctors in their response to the prisoner's needs or by … guards in intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for deliberate indifference is two-pronged and has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish such a claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm

4

caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

Plaintiff's fracture to his finger is an injury that a reasonable doctor would find worthy of treatment; thus, it satisfies the first, objective prong. *See Colwell*, 763 F.3d at 1066. Plaintiff's allegations, however, do not satisfy the second, subjective prong. Plaintiff therefore does not state a cognizable deliberate indifference claim.

With respect to Nurse Powell, Plaintiff alleges that, after showing his finger to the defendant, she told him that he would be fine and provided him with bandages. (Doc. 11 at 3.) These allegations fail to show that the nurse "drew the inference" that he was at a substantial risk of serious harm, particularly since Plaintiff had not yet been diagnosed with a fracture. (*See id.* at 4). Furthermore, Plaintiff contends that the worsening of his finger's condition and nerve damage were caused by Dr. Swafford during surgery. (*Id.* at 6.) Thus, Plaintiff's allegations do not show that Powell's failure to diagnose the fracture caused the injuries of which he complains.

With respect to Chief Medical Executive Godwin, Plaintiff alleges the defendant scheduled corrective surgery for February 27, 2019. (*Id.* at 3-4.) Plaintiff contends that Godwin should have scheduled the surgery sooner, given Dr. Kokor's issuance of an "urgent medical treatment order" on January 22, 2019. (*See id.*) Liberally construing these allegations, Plaintiff shows, at most, a difference of medical opinion between Godwin and Kokor. Such difference of opinion does not amount to deliberate indifference. *Toguchi*, 391 F.3d at 1059-60. Plaintiff's allegations do not show that Godwin's scheduling of the surgery one month after Kokor's order

5

was "medically unacceptable" and done "in conscious disregard of an excessive risk to [his] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted). Furthermore, the allegations also do not show that Godwin's actions caused the injuries of which he complains.

With respect to Nurse Hurtado, Plaintiff alleges the nurse diagnosed him with a fracture on January 22, 2019, but that she did not refer him for surgery until February 20, 2019, and did not schedule him for the surgery until February 27, 2019. (Doc. 11 at 4-5). As with Godwin, these allegations fail to show that Hurtado's actions were medically unacceptable and done in disregard of an excessive risk to his health. And, as with Godwin and Powell, the allegations fail to show that Hurtado's actions caused the injuries of which he complains.

Plaintiff also alleges that Godwin and Hurtado violated state regulations by not scheduling him for surgery within 3 days of Dr. Kokor's "urgent medical treatment order." (*Id.* at 3, 5.) The Court is unsure to which regulation Plaintiff is referring, and the Court is skeptical that a regulation provides for such a specific timeframe with respect to surgeries without the input of inmates' treating health care providers. But even assuming that Plaintiff is correct, such violations would not show that the defendants were deliberately indifferent. *See Berreondo v. Akanno*, No. 1:11-cv-00432-LJO, 2013 WL 5569913, at *13 (E.D. Cal. 2013) ("failure to comply with CDCR regulations does not state a claim for deliberate indifference"); *see also Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) ("state departmental regulations do not establish a federal *constitutional* violation") (citations omitted). The allegations must show that the defendants were aware of a significant risk to his health and disregarded that risk. *Farmer*, 511 U.S. at 847. Plaintiff's allegations do not make this showing.

Lastly, with respect to Dr. Swafford, Plaintiff alleges the defendant committed malpractice while performing surgery on his finger, causing the finger's condition to worsen, injuring a second finger, and causing nerve damage. (Doc. 11 at 6-7.) These allegations *may* state a claim of medical negligence under state law.[2] A claim of medical negligence requires that a medical professional deviate from the applicable standard of care. *See Estate of Conners by*

---

[2] The Court does not decide the matter. Because Plaintiff does not state a cognizable claim under federal law, the Court does not exercise supplemental jurisdiction over a potential negligence claim under state law. 28 U.S.C. § 1367(a). This does not preclude Plaintiff from pursuing a medical negligence claim in state court.

*Meredith v. O'Connor*, 846 F.2d 1205, 1208 (9th Cir. 1988). A claim of deliberate indifference under the Eighth Amendment, on the other hand, requires a "purposeful act or failure to respond to a prisoner's … medical need." *Wilhelm*, 680 F.3d at 1122. Plaintiff's allegations against Swafford do not meet the high standard of deliberate indifference.

## V. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, Plaintiff's second amended complaint (Doc. 11) fails to state a claim on which relief can be granted. Given that Plaintiff has received two opportunities to amend, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court DIRECTS the Clerk of the Court to assign a district judge and RECOMMENDS that this action be dismissed for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 31, 2020**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

7