UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>POWELL, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-01631-ADA-CDB (PC)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT SWAFFORD SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE**<br><br>(Doc. 27)<br><br>**21-DAY DEADLINE** |

Plaintiff Uriel Garcia is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Powell, Hurtado, Ugwueze, and Swafford for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

**I.　　RELEVANT PROCEDURAL BACKGROUND**

On April 13, 2023, the Court issued an order directing service on Defendants under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (Doc. 27.) The order included the following information regarding Defendant Swafford: "Albert R. Swafford, allegedly employed as an orthopedic surgeon at the Substance Abuse Treatment Facility in Corcoran in 2019." (*Id.* at 2.) On May 25, 2023, the Court received a notice of intent not to waive personal service as to Defendant Swafford, presumably because he was a contract

physician at or for the Substance Abuse Treatment Facility in Corcoran California. (Doc. 30.)[1] On June 7, 2023, the U.S. Marshals advised service could not be effected on Defendant Swafford at 2731 H Street, Suite A, in Bakersfield, California[2] because that office was vacant, and no alternate address was available. (Doc. 31.)

## II. DISCUSSION AND ORDER

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, the U.S. Marshal has attempted to serve Defendant Swafford. However, the waiver and service packet mailed to Defendant Swafford were returned, and the office located at the

---

[1] Defendants Powell, Hurtado and Ugwueze filed notice of intent to waive personal service that same date.

[2] This address is the address of record for Albert R. Swafford on the California Medical Board's website. See https://search.dca.ca.gov/details/8002/C/37020/e1a12c22cdb74a4fedb17c5b0c7a485b, last accessed June 16, 2023.

relevant address is vacant. If Plaintiff is unable to provide the U.S. Marshal with the necessary information to locate this defendant, Defendant Swafford shall be dismissed from this action, without prejudice.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Swafford should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the U.S. Marshal in locating Defendant Swafford for service of process.[3]

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. **Within twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause why Defendant Swafford should not be dismissed from this action; and
2. **The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated: __**June 20, 2023**__              _____
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] The medical facility located at 300 Old River Rd., Suite 150, Bakersfield, California 93311 is also not a current address for Defendant Swafford. *See* https://www.dignityhealth.org/ourdoctors/t/albert-r.-swafford, last accessed June 16, 2023 (reflecting the address of 2731 H Street, Suite A, Bakersfield, California).