UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL GARCIA,<br><br>          Plaintiff,<br><br>     v.<br><br>POWELL, et al.,<br><br>          Defendants. | Case No.: 1:19-cv-01631-ADA-CDB (PC)<br><br>**ORDER SETTING DEADLINE WITHIN WHICH TO EFFECT SERVICE OF PROCESS OF DEFENDANT ALBERT R. SWAFFORD**<br><br>**SERVICE DEADLINE: SEPTEMBER 1, 2023** |

Plaintiff Uriel Garcia is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Powell, Hurtado, Ugwueze, and Swafford for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

**I.      INTRODUCTION**

The Court issued its Order Finding Service of Second Amended Complaint Appropriate on April 13, 2023. (Doc. 27.)

On May 25, 2023, a notice not to waive personal service concerning Defendant Albert R. Swafford was filed with the Court. (Doc. 30.) Thereafter, on June 7, 2023, the United States Marshall filed a USM-285 form indicating service could not be effected upon Swafford. (Doc. 31.)

//

On June 20, 2023, the Court issued its Order To Show Cause (OSC) Why Defendant Swafford Should Not Be Dismissed From This Action For Failure To Provide Sufficient Information To Effectuate Service. (Doc. 32.) Plaintiff responded to the OSC on July 10, 2023, providing an address for Defendant Swafford. (Doc. 34.)

On July 13, 2023, the Court issued its Order Directing United States Marshal to Serve Defendant Albert R. Swafford at the address provided by Plaintiff. (Doc. 35.) On July 18, 2023, the United States Marshal filed notice that service of process efforts were unsuccessful. (Doc. 36.) Specifically, the United States Marshall reported that service was attempted at Adventist Health in Bakersfield on July 17, 2023. (*Id*.) The deputy was advised that Defendant Swafford was no longer employed at the hospital and was provided an address of 2731 H Street, Suite A, in Bakersfield[1] for Swafford. (*Id*.) That same date, the deputy went to the location on H Street and observed Suite A to be unoccupied and "its previous signs removed." (*Id*.) No forwarding address was listed. (*Id*.) The deputy contacted an employee in Suite B next door and was advised that Swafford had retired and closed his office approximately four to six months ago. (*Id*.) The occupants of Suite B did not have a forwarding address for Swafford. (*Id*.)

**II.  DISCUSSION**

**A. Legal Standard**

Federal Rule of Civil Procedure 4 provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving plaintiffs proceeding *in forma pauperis*, the Court routinely orders the United States Marshal to serve the summonses and complaints on the defendants. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by

---

[1] As noted in this Court's Order issued June 20, 2023, this is the address of record for Albert R. Swafford on the California Medical Board's website. (*See* Doc. 32 at 2, n.2.)

2

having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotation marks & citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the United States Marshal with sufficient information to effect service on a defendant, the Court may dismiss that defendant. *Id.* at 1421-22.

### B. Service Deadline

To date, Plaintiff has failed to provide the United States Marshal with sufficient information to effect service on Defendant Swafford. *Walker v. Sumner*, 14 F.3d at 1421-22. Specifically, Plaintiff has been unable to provide a valid address for Albert R. Swafford, M.D. Service at two addresses has been attempted, to wit: 2731 H Street, Suite A in Bakersfield and 2615 Chester Avenue in Bakersfield. Both attempts have been unsuccessful.

Plaintiff will be afforded one final opportunity to provide the Court with a valid and current address for Defendant Swafford. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court will order that service be made no later September 1, 2023. Assuming Plaintiff can provide further information concerning a current address for Swafford, if possible, Plaintiff should provide this Court with that information in advance of the deadline to allow for issuance of an order directing the United States Marshal to attempt service of Defendant Swafford.

Plaintiff is advised that in the event he fails to provide a valid address for Defendant Swafford by September 1, 2023, or if subsequent service efforts are unsuccessful, the undersigned will issue findings and recommendations to dismiss Defendant Swafford, without prejudice, from this action.

### III.   CONCLUSION AND ORDER

For the reasons given above, **IT IS HEREBY ORDERED** that:

1. Plaintiff **SHALL** provide a valid and current address for Defendant Albert R.

3

Swafford **no later than September 1, 2023**; and

2. Plaintiff is **ADVISED** that should he fail to provide a current address for Defendant Swafford by the September 1, 2023 deadline, the undersigned will recommend Defendant Swafford be dismissed from this action for Plaintiff's failure to effect service of process as to Defendant Swafford.

IT IS SO ORDERED.

Dated:   **July 19, 2023**                                 _____
                                                          UNITED STATES MAGISTRATE JUDGE

4