UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL GARCIA,<br><br>            Plaintiff,<br><br>       v.<br><br>POWELL, et al.,<br><br>            Defendants. | Case No.: 1:19-cv-01631-ADA-CDB (PC)<br><br>**SECOND AND FINAL ORDER TO SHOW CAUSE WHY DEFENDANT SWAFFORD SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE**<br><br>**14-DAY DEADLINE** |

Plaintiff Uriel Garcia is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Powell, Hurtado, Ugwueze, and Swafford for deliberate indifference to serious medical needs in violations of the Eighth Amendment.

**I.    RELEVANT PROCEDURAL BACKGROUND**

The Court issued its Order Finding Service of Second Amended Complaint Appropriate on April 13, 2023. (Doc. 27.) Specifically, the Court ordered service be effected on Defendants Powell, Hurtado, Ugwueze, and Swafford. (*Id.* at 2.)

On May 25, 2023, a notice of intent to waive service was filed concerning Defendants Powell, Hurtado and Ugwueze. (Doc. 29.) That same date, a notice of intent *not* to waive personal service concerning Defendant Albert R. Swafford was filed with the Court. (Doc. 30.)

//

Therefore, on June 7, 2023, the United States Marshall filed a USM-285 form indicating service could not be effected upon Swafford based upon the information provided. (Doc. 31.)

On June 20, 2023, the Court issued its Order To Show Cause (OSC) Why Defendant Swafford Should Not Be Dismissed From This Action For Failure To Provide Sufficient Information To Effectuate Service. (Doc. 32.) On July 10, 2023, Plaintiff responded to the OSC, providing another address for Defendant Swafford. (Doc. 34.)

On July 13, 2023, the Court issued its Order Directing United States Marshal to Serve Defendant Albert R. Swafford, providing the address given by Plaintiff. (Doc. 35.)

On July 18, 2023, the United States Marshall filed another USM-285 form indicating service could not be effected on Swafford based upon the information provided. (Doc. 36.)

On July 20, 2023, this Court issued its Order Setting Deadline Within Which to Effect Service of Process of Defendant Albert R. Swafford. (Doc. 37.) Specifically, the Court found Plaintiff failed to provide sufficient information to the United States Marshal to effect service on Defendant Swafford. (*Id*. at 3.) Plaintiff was "afforded one final opportunity to provide the Court with a valid and current address for Defendant Swafford" to allow for service to be made "no later than September 1, 2023." (*Id*. at 3-4)

On July 24, 2023, Defendants Powell, Hurtado and Ugwueze filed an answer to Plaintiff's second amended complaint. (Doc. 38.)

On August 17, 2023, Plaintiff filed a document entitled "Service Deadline: September 1, 2023."[1] (Doc. 41.) Plaintiff provided two "current" addresses for Defendant Swafford and asked the Court not to dismiss Swafford from the action. (*Id*.)

The following day, on August 18, 2023, the Court issued its Second Order Directing United States Marshal to Serve Defendant Albert R. Swafford. (Doc. 42.) The Marshal was directed to serve the summons and second amended complaint to Defendant Swafford at 200 Old River Road #150 in Bakersfield, and/or at 2802 Sothebys Ct. in Bakersfield. (*Id*. at 2-3.)

//

---

[1] This pleading was docketed as a "Motion Requesting This Court to Not Dismiss Defendant Swafford From This Action" by the Clerk's Office.

On August 25, 2023, a USM-285 form was filed with the Court, indicating (1) Defendant Swafford is no longer employed at the "300 Old River Rd #150" address, and (2) that three unsuccessful attempts were made to serve Defendant Swafford at the "2802 Sotheby Ct" address. (Doc. 43.)

Out of an abundance of caution, Plaintiff will be afforded a final opportunity to provide necessary service information.

## II.     DISCUSSION

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

As Plaintiff has been previously advised, in cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . ..'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, the U.S. Marshal attempted to serve Defendant Swafford on more than one occasion. First, the waiver and service packet mailed to Defendant Swafford were returned, and

3

the office located at the relevant address was vacant. (Doc. 31.) Following the Marshal's second effort, personal service could not be affected at an employment address provided by Plaintiff, nor at an alternative address provided to the United States Marshal. (Doc. 36.) Following a third attempt to effect service of process at two separate addresses provided by Plaintiff, the United States Marshal reported that Swafford no longer worked at the business address provided, and that attempts to personally serve Swafford at the residential address provided were also unsuccessful. (Doc. 43.)

The Court notes the residential address provided—2802 Sothebys Court in Bakersfield, California—concerns a home reported to have been in default as of February 14, 2023; a foreclosure auction was held July 18, 2023. (https://www.zillow.com/homedetails/2802-Sothebys-Ct-Bakersfield-CA-93311/51068547_zpid/, last accessed 9/11/23.) Moreover, the property appears to have a pending offer for purchase. (*Id.*) Therefore, assuming Defendant Swafford previously resided at 2802 Sothebys Court, he no longer resides there. The home was in default in February 2023 and the three attempts at personal service on July 22, July 23 and July 25, 2023, occurred after the foreclosure auction. At that point, the home would have been empty of occupants, explaining the United States Marshal's notation that its business card left July 22, 2023, was still present on the home's door on July 25, 2023.

The United States Marshal has complied with the Court's service orders but has been unsuccessful in serving Defendant Swafford with the information provided by Plaintiff. Therefore, Plaintiff has failed to provide accurate and sufficient information to effect service of process on this defendant. *Walker*, 14 F.3d at 1421-22.

Plaintiff will be afforded one final opportunity to provide the information necessary to locate and serve Defendant Swafford. If any subsequent service effort is unsuccessful, this Court will recommend Defendant Swafford be dismissed from this action, without prejudice, for Plaintiff's failure to effect service of process.

### III. CONCLUSION AND ORDER

Accordingly, and pursuant to Rule 4(m), the Court will provide Plaintiff with **one final opportunity** to show cause why Defendant Swafford should not be dismissed from the action.

Plaintiff may respond to this order by providing additional information that will assist the United States Marshal in locating Defendant Swafford for service of process.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. **Within 14 days** from the date of service of this order, Plaintiff shall show cause why Defendant Swafford should not be dismissed from this action; and
2. **The failure to respond to this order or the failure to show cause will result in a recommendation for dismissal, without prejudice, of Defendant Swafford from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:   **September 11, 2023**                    _____
                                                                              UNITED STATES MAGISTRATE JUDGE

5