UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL GARCIA,<br><br>            Plaintiff,<br><br>      v.<br><br>POWELL, et al.,<br><br>            Defendants. | Case No.: 1:19-cv-01631-KES-CDB (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**<br><br>(Doc. 54) |

Plaintiff Uriel Garcia is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Powell, Hurtado, and Ugwueze[1] for deliberate indifference to serious medical needs in violations of the Eighth Amendment.

**I.      INTRODUCTION**

The Court issued its Discovery and Scheduling Order on September 11, 2023. (Doc. 48.) Relevant here, the deadline for the completion of discovery was May 11, 2024, and the deadline for the filing of dispositive motions is July 22, 2024. (*Id*.)

On July 9, 2024, Defendants filed a request to modify the scheduling order to complete Plaintiff's deposition and to extend the time to file a dispositive motion. (Doc. 54.) Defendants' request is supported by the Declaration of Jean M. Trenbeath and Exhibits A and B. (*Id*. at 4-23.)

---

[1] Defendant Swafford was dismissed from this action on September 29, 2023. (Doc. 51.)

The Court deems a response by Plaintiff unnecessary.

## II. DISCUSSION

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id.*

Here, Defendants' request indicates defense counsel commenced taking Plaintiff's deposition on May 3, 2024. (*See* Doc. 54 at 4, ¶ 3.) During the deposition, Plaintiff informed defense counsel that he did not wish to proceed with his Eighth Amendment claims against Defendants. (*Id*. & Ex. A.) The parties discussed Plaintiff's willingness to sign a document voluntarily dismissing his claims. (*Id*.) As a result of this circumstance, defense counsel elected not to proceed further with the deposition, including as to her questions regarding Plaintiff's claim against Defendant Hurtado, and the deposition was halted. (*Id*., at ¶ 4.) On May 17, 2024, defense counsel forwarded correspondence to Plaintiff, including a stipulation to voluntary dismissal with prejudice. (*Id*., at ¶ 5 & Ex. B.) On June 14, 2024, when counsel had not received the signed stipulation from Plaintiff, she arranged for a telephone call with Plaintiff. (*Id*., at ¶ 6.) During their July 21, 2024, conversation, Plaintiff advised counsel he had received the stipulation but had been confined to the correctional treatment center due to illness and needed more time to consider the stipulation. (*Id*., at ¶ 7.) Defense counsel agreed with Plaintiff's request and advised him she would call again on July 5, 2024. (*Id*.) On July 5, 2024, Plaintiff indicated to defense counsel he was still considering whether to sign the stipulation. (*Id*., at ¶ 8.) Defense counsel advised Plaintiff she would need to file a motion requesting discovery be reopened to finish taking Plaintiff's deposition and to extend the deadline for filing a dispositive motion. (*Id*.) Defense counsel asked Plaintiff whether he would stipulate to not oppose such a motion, but Plaintiff was reluctant to answer and stated he did not understand the process and did not want to give up any rights. (*Id*.) Defense counsel states it appears Plaintiff wishes to continue litigating

this action against the Defendants. (*Id*., at ¶ 9.) Counsel asks the Court to reopen discovery for the limited purpose of allowing her to complete Plaintiff's deposition, specifically concerning his claim against Defendant Hurtado, by August 5, 2024. (*Id*.) Further, counsel seeks an extension of the deadline for filing a merits-based summary judgment motion, up to and including October 18, 2024. (*Id*., at ¶ 10.) The additional time will allow defense counsel to prepare such a motion considering her obligations in other actions, including a settlement conference, an upcoming trial, and another dispositive motion deadline. (*Id*.) Counsel declares this is Defendants' first request to modify the scheduling order and that it is not made for the purpose of harassment, undue delay, or for any other improper reason. (*Id*., at ¶¶ 11-12.)

### III.    CONCLUSION AND ORDER

Accordingly, and for good cause shown, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to modify the scheduling order (Doc. 54) is **GRANTED**;
2. The Discovery and Scheduling Order is **MODIFIED** as follows:
   a. Discovery is reopened for the limited purpose of completing Plaintiff's deposition. The deadline to complete limited discovery is **August 5, 2024**; and
   b. The deadline for filing a dispositive motion is **extended** from July 22, 2024, **to October 18, 2024**.

IT IS SO ORDERED.

Dated:   **July 10, 2024**                                              _____
                                                                                            UNITED STATES MAGISTRATE JUDGE

3