UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>POWELL, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-01631-KES-CDB (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION**<br><br>**14-DAY DEADLINE** |

Plaintiff Uriel Garcia is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Powell, Hurtado, and Ugwueze for deliberate indifference to serious medical needs in violations of the Eighth Amendment.

**I.　　INTRODUCTION**

The Court issued its Discovery and Scheduling Order on September 11, 2023. (Doc. 48.)

On July 9, 2024, Defendants filed a request to modify the scheduling order to allow for the completion of Plaintiff's deposition and to extend the time for filing a dispositive motion. (Doc. 54.) The Court granted the request and extended the deadline for the completion of limited discovery to August 5, 2024, and the deadline for filing a dispositive motion to October 18, 2024. (Doc. 55.)

On October 15, 2024, Defendants filed a second request to modify the scheduling order, seeking to extend the deadline for the filing of a dispositive motion. (Doc. 56.) The Court granted the second request and extended the deadline for filing a dispositive motion from October 18, 2024, to November 18, 2024. (Doc. 57.)

On November 18, 2024, Defendants filed their motion for summary judgment. (Doc. 58.) Defendants' motion included a *Rand*[1] warning (Doc. 58-11), specifically addressing the requirements concerning an opposition to a motion for summary judgment. Despite the passage of more than 21 days, Plaintiff has failed to file an opposition or statement of non-opposition to Defendants' motion.

## II.   DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure concerns summary judgment. It provides, in relevant part:

> **Failing to Properly Support or Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). This Court's Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See* Local Rule 110. Further, Local Rule 230 states:

> Opposition, if any to the granting of a motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

2

> no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

Local Rule 230(*l*). Therefore, Plaintiff's opposition or statement of non-opposition to Defendants' pending motion for summary judgment was due on or before December 9, 2024, plus time for mailing. Plaintiff has failed to timely file an opposition or statement of non-opposition, and the time to do so has now passed.

### III.     CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why sanctions should not be imposed for his failure to comply with the Local Rules. Alternatively, within that same time, Plaintiff may file an opposition or statement of non-opposition to Defendants' motion for summary judgment filed November 18, 2024.

**Plaintiff is advised that a failure to respond to this Order may result in a recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute.**

IT IS SO ORDERED.

Dated:   **December 18, 2024**                                    _____
UNITED STATES MAGISTRATE JUDGE